O. T. SANDO, Respondent, v. J. E. BURKE, Appellant.

(193 N. W. 252.)

**Chattel mortgages — evidence held insufficient to sustain counterclaims of mortgagor in foreclosure.**

Where defendant purchased a tractor and gave a note and mortgage thereupon to secure the unpaid purchase price and immediately transferred, by bill of sale, this tractor to his wife, and where, thereafter, in an action to foreclose the mortgage, defendant set up various counterclaims for damages sustained in failing to get possession of the tractor and, also, concerning an agreement to reduce the price of such tractor, it is *held*, for reasons stated in the opinion, that such counterclaims have not been established.

Opinion filed April 14, 1923. Rehearing denied April 30, 1923.

Chattel Mortgages, 11 C. J. § 548, p. 726 n. 46.

In District Court, Ward County, *Lowe,* J.
Action to foreclose a chattel mortgage upon a Fordson tractor.
From the judgment of foreclosure, defendant has appealed.
Affirmed.

*Palda & Aaker,* and *J. E. Burke,* for appellant.

*J. J. Coyle* and *O. B. Herrigstad,* for respondent.

The right of a mortgagee to declare a mortgage due where he feels himself insecure has been passed on in this state and upheld in the case of Englund v. Southers, 22 N. D. 261, 133 N. W. 301.

In some jurisdictions a provision in the mortgage that the mortgagee may take possession of the chattels and foreclose whenever he deems himself insecure confers on him an arbitrary right which he may exercise without showing ground for deeming himself insecure. Werner v. Bergman, 28 Kan. 60; Klein v. Lippe, 46 Wis. 123, 49 N. W. 832, and Thorpe v. Flemming, 78 Kan. 237, 96 Pac. 470.

Circumstances such as the sale of the mortgagor of part of the encumbered property has been enumerated as affording reasonable grounds for the mortgagees taking advantage of the insecurity clause. Allen v. Cerny, 68 Neb. 211, 94 N. W. 151.

Giving the mortgagee permission to take possession if he deems himself unsafe is equivalent to giving him the right to possession whenever he chooses to demand the property. Gage v. Wayland, 67 Wis. 566.

If the mortgage authorizes the mortgagee to take possession when he deems himself insecure, he may do so even if no reasonable ground exists therefor. Werner v. Bergman, 28 Kan. 60, 42 Am. Rep. 152.

The mortgagee's right to take possession is not to be measured or determined by the fact that he deemed himself unsafe, but is absolute, at least, in the absence of anything to show bad faith or an express purpose to oppress the mortgagor. Richardson v. Coffman (Iowa) Jan. 31, 1923.

## Statement.

BRONSON, Ch. J.  This is an action to foreclose a chattel mortgage. Defendant has appealed from a judgment of foreclosure. The facts, necessary to be stated, are: On April 5th, 1919, at Minot, North Dakota, defendant purchased from plaintiff a Fordson tractor, for a consideration of $950. Defendant paid $300 in cash and gave his note for $650 due October 1st, 1919, secured by a chattel mortgage upon the tractor. At the same time, plaintiff made to defendant a bill of sale of the tractor. This bill of sale was not filed. On the same day, de-

fendant gave a bill of sale covering the tractor to his wife, and immediately filed the same in the office of the register of deeds. On April 6th, when plaintiff went to file his mortgage, he found that defendant's bill of sale to his wife had been filed. On April 7th, at defendant's office, plaintiff made inquiries about the filing of this bill of sale. Pursuant to plaintiff's testimony he advised defendant that, since the tractor and defendant's farm lands were in his wife's name, she should also sign the note; that defendant told him that his wife had nothing to do with this business; he refused to secure her signature upon the note; that thereupon he advised defendant that he would expect him to pay before he delivered the tractor. Pursuant to defendant's testimony, when plaintiff called, he told him that he would fix the matter by having his wife sign a waiver of priority. On April 10th, 1919, the wife did sign a written statement, acknowledging the priority of the mortgage over the bill of sale to her. This waiver was filed in the office of the register of deeds on April 17th, 1919. Pursuant to plaintiff's testimony, he never received this waiver of priority and first knew about it when he was advised that it had been filed. Plaintiff filed his chattel mortgage on April 11th, 1919. Pursuant to defendant's testimony, after he bought this tractor he went to his farm to have the men come and get the tractor; that on April 7th, 1919, he called plaintiff over the phone; told him his men were there; thereupon, plaintiff refused to permit delivery of the tractor for the reason assigned, that he could not sell defendant's note. The chattel mortgage contained a provision to the effect that if the mortgagee at any time should deem himself insecure, he would be authorized to foreclose the mortgage. On April 17th, 1919, plaintiff, as mortgagee, issued a notice of foreclosure upon the assigned ground that default existed in the terms of the mortgage in that the mortgagee deemed himself insecure. This notice was sent to a newspaper for publication. Pursuant to plaintiff's testimony, he had three reasons for deeming himself insecure, namely, plaintiff claimed to be the owner of a half section of land which plaintiff found he did not own; he gave a bill of sale to his wife and did not want, nor get, his wife to sign the note. On the same date, April 17th, 1919, defendant's wife instituted claim and delivery proceedings against the Moore Motor Company, in whose possession the tractor was stored, and secured possession of the tractor. The attempted foreclosure was re-

49 N. D.—48.

strained.   On April 19th, 1919, the plaintiff in this action sought to
intervene in the claim and delivery proceedings.   On April 22nd, 1919,
the attempt to intervene was denied.   On April 22nd, 1919, the sheriff
certified in a return that he delivered the tractor to the plaintiff (de-
fendant's wife) in the claim and delivery proceedings.

Pursuant to defendant's testimony, he was farming, in the season of
1919, approximately one-half section of farm lands.   He intended to
use the tractor on this land.   He had deeded this half section to his wife
as a wedding present; but he was farming it.   Plaintiff knew that the
tractor was to be given to his wife.   In fact, the bill of sale was drawn
in the name of his wife; defendant's name was substituted through
objections made by plaintiff involving the fact that the mortgage was
executed by defendant.   Defendant received the tractor on April 23,
1919.   He did work during that summer with the tractor.

Further, pursuant to defendant's testimony, plaintiff represented that
this was a 1919 tractor whereas it was a 1918 tractor; the plaintiff
promised to give to defendant any drop in the price that would be ef-
fective in 1919; there was a drop in the price of the Fordson tractors
to the extent of $200 in 1919; by reason of the delay that defendant
suffered in not securing possession of the tractor between April 5th
and April 23d and being compelled to hire work done on the farm he
suffered damages in the sum of $513.50; the tractor was defective; he
was compelled to expend moneys in the claim and delivery action; his
total damages, consequently, amounted to $1,060.95.

In the summer of 1919 plaintiff placed this note and mortgage as
collateral security to indebtedness at a bank in Berthold, North Da-
kota.   On October 5th, 1919, defendant herein secured an injunctional
order restraining such bank in Berthold and the plaintiff herein from
interfering with plaintiff's possession of the tractor and restraining any
foreclosure proceedings excepting by proper action.   On October 17th,
1919, this action was started to foreclose the mortgage.   Theretofore
plaintiff had become repossessed of the note and mortgage.   In this
action a warrant of seizure was issued and the tractor was taken into
possession of the sheriff through defendant receipting for the possession
thereof.

In this action, defendant in its answer has set up various counter-
claims for damages through failure to secure possession of the tractor,

for expenses and legal proceedings involved in connection with securing and repairing the tractor and also to recover for the difference in the purchase price of the tractor in 1919 and 1918.

Upon findings the trial court ordered judgment against the defendant upon the note and for foreclosure of the chattel mortgage.

## Opinion.

The proceedings and evidence adduced by the parties have been set forth somewhat at length. These proceedings, in connection with the evidence, determine, upon fundamental grounds, this law suit. Defendant's wife is not a party nor has she sought to intervene in this action so far as the record discloses.

On April 5th, 1919, defendant transferred by bill of sale all interest that he possessed in the tractor to his wife. Ever since that time she has possessed, through defendant's own acts, all possessory rights and title in the tractor. Since that time, defendant has no right, title, nor interest in the tractor. Manifestly, he cannot complain of deprivation of possessory rights nor of any damages occasioned thereto after the transfer to his wife. The counterclaims and evidence in support thereof establish no cause of action whatsoever against the plaintiff. With respect to the alleged agreement to reduce the price of the tractor, we find the evidence insufficient to establish any such agreement. The judgment of the trial court is accordingly affirmed with costs.

BIRDZELL, NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.